**NOT FOR PUBLICATION**

FEB 20 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINSTON MANUEL CAROLINO LAYUMAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73330 <br><br> Agency No. A070-780-971 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Winston Manuel Carolino Layumas, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA dismissed Layumas's appeal after finding his argument did not show the IJ erred in determining he failed to establish a material change in circumstances in the Philippines sufficient to excuse an untimely motion to reopen. The BIA did not abuse its discretion in reaching this conclusion. *See id.* at 986-90 (stating court defers to BIA's exercise of discretion unless arbitrary, irrational, or contrary to law, and upholding finding petitioner failed to establish changed country conditions). We reject Layumas's contention that the BIA's review was insufficient.

Finally, we lack jurisdiction to review Layumas's contentions regarding disfavored group analysis because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**